UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
Tina Bradway, Individually and as Administratrix of
the Estate of Tony Bradway,

                                  Plaintiff,

      -against-

THE TOWN OF SOUTHAMPTON, LINDA A.
KABOT, OFFICER JAMES KIERNAN, OFFICER
ERIC SICKLES, OFFICER VINCENT CAGNO,
OFFICER STEVE FRANKENBACH, OFFICER
DAVID PETERS, OFFICER WILLIAM KIERNAN,
and OFFICER MONTALBANO,

                                  Defendants.
------------------------------------------------------------ X

**AMENDED COMPLAINT**

09-CV-3177
(JFB)(MLO)

**JURY TRIAL DEMANDED**

      Plaintiff Tina Bradway, individually and as administratrix of the estate of Tony Bradway, by her attorney, Ruskin Moscou Faltischek, P.C., as and for an amended complaint herein alleges as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff Tiny Bradway ("Plaintiff"), brings this action against defendants the Town of Southampton (the "Town"), Linda A. Kabot, Officer James Kiernan, Officer Eric Sickles, Officer Vincent Cagno, Officer Steve Frankenbach, Officer David Peters, Officer William Kiernan, and Officer Montalbano, (collectively, "Defendants"), for damages arising out of the assault and death of Plaintiff's son, Tony Bradway (the "Decedent"), by members of the Southampton Town Police Department, which included violations of the Decedent's constitutional rights to freedom from unreasonable searches and seizures, freedom from compelled self-incrimination, and right to equal protection of

1

the law under State and Federal constitutions, wrongful death, malicious abuse of process, assault, battery, intentional infliction of emotional distress, conspiracy, gross negligence, negligent hiring and retention of incompetent and unfit employees, and negligent supervision and training and instruction of employees.

## JURISDICTION AND VENUE

2. Plaintiff brings this action to redress the deprivation of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§1983 & 1985(3), Article 1, §§11 & 12 of the New York State Constitution, and State common law.

3. As Plaintiff contends that Defendants, *inter alia*, violated Federal constitutional rights, this court has jurisdiction pursuant to 28 U.S.C. §§1331 & 1343, and 42 U.S.C. §§1983 & 1985(3).

4. As Plaintiff's State claims arise from the same common nucleus of operative facts as the Federal claims, this court has supplemental jurisdiction over the State claims pursuant to 28 U.S.C. §1367. A notice of claim was duly filed on defendant within 90 days of the incidents at issue, more than 30 days have elapsed since such filing, and the Town has failed to settle Plaintiff's claims. Moreover, this action was filed within one year and 90 days of the incident that is the basis of this case.

5. Venue properly lies with this court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this claim occurred in the Eastern District of New York.

## PARTIES

6. At all times hereinafter mentioned, Plaintiff Tina Bradway was and still is a resident of the County of Kings, State of New York.

7. At all times hereinafter mentioned, Tony Bradway, the Decedent, son of Tina Bradway, was a resident of the County of Kings, State of New York prior to his death on June 9, 2008, at the age of 26.

8. Tony Bradway left no will. Limited Letters of Administration were issued to Plaintiff Tina Bradway from the Surrogate's Court of the County of Kings on February 24, 2009.

9. Tina Bradway, as qualified, is now acting as Administratrix of Tony Bradway's Estate.

10. Decedent Tony Bradway left surviving his mother, Tina Bradway, his father, Tony Lester, his brothers Terrell Pringle, Tyreke Bradway, and Tyshawn Pringle and his sisters, Tiniqua Lee, Tuannisha Lee, Lanique Lee and Brenda Bradway.

11. Upon information and belief, defendant Town of Southampton is a municipal corporation organized under the laws of the State of New York, which violated the Decedent's rights as described herein. Defendant operates and governs the Town of South Hampton Police Department.

12. Upon information and belief, during the relevant times mentioned herein and when the incidents complained of occurred, defendant Linda A. Kabot is or was the Supervisor of the Town of Southampton, with an office at 116 Hampton Road, Southampton, New York 11968, and is being sued in her official and individual capacities.

13. Upon information and belief, James Kiernan is currently employed as a police officer by the Southampton Town Police Department at 110 Old Riverhead Road, Hampton Bays, New York 11946.

14. Upon information and belief, Eric Sickles is currently employed as a police officer by the Southampton Town Police Department at 110 Old Riverhead Road, Hampton Bays, New York 11946.

15. Upon information and belief, Vincent Cagno is currently employed as a police officer by the Southampton Town Police Department at 110 Old Riverhead Road, Hampton Bays, New York 11946.

16. Upon information and belief, Steve Frankenbach is currently employed as a police officer by the Southampton Town Police Department at 110 Old Riverhead Road, Hampton Bays, New York 11946.

17. Upon information and belief, David Peters is currently employed as a police officer by the Southampton Town Police Department at 110 Old Riverhead Road, Hampton Bays, New York 11946.

18. Upon information and belief, William Kiernan is currently employed as a police officer by the Southampton Town Police Department at 110 Old Riverhead Road, Hampton Bays, New York 11946.

19. Upon information and belief, Montalbano is currently employed as a police officer by the Southampton Town Police Department at 110 Old Riverhead Road, Hampton Bays, New York 11946.

20. At the time of the incident and at all times pertinent hereto, defendant Town and its agents acted under color of law, statute, ordinance, regulation, custom, or usage.

## STATEMENT OF FACTS

21. The following is a summary set forth for the purpose of demonstrating, averring, and providing notice of Plaintiff's claims against Defendants.

22. On June 9, 2008, officers of the Southampton Town Police Department, including the individually named police officers herein, viciously violated the most fundamental civil and constitutional rights of Tony Bradway, which ultimately resulted in Mr. Bradway's wrongful and untimely death.

23. On June 9, 2008, Tony Bradway was asleep on a friend's couch in a Shinnecock Hills apartment. He was suddenly awoken when police officers, including the individually named police officers herein, entered the apartment.

24. Mr. Bradway attempted to swallow a bag of cocaine as he was handcuffed and placed under arrest by several members of the Southampton Police Department, including the individually named police officers herein.

25. Even though the officers were fully aware that Mr. Bradway had just ingested a significant amount of cocaine, they did not bring him to the hospital, call an ambulance, or otherwise seek medical care. Instead, the officers opted to stun Mr. Bradway at least three times with an electric taser.

26. At no point had Mr. Bradway attempted to resist the arrest or threaten to harm any of the officers.

Case 2:09-cv-03177-JFB-ARL  Document 9  Filed 10/30/09  Page 6 of 17

27. Even after being tasered, the police officers did not bring him to the hospital or otherwise seek medical attention, so that his stomach could be pumped or, at the very least, be examined by a physician. Instead, Mr. Bradway was arrested and taken to the local precinct.

28. Shortly after being booked at the precinct, Mr. Bradway began to suffer from dizziness and seizures. It was only after these symptoms presented that Southampton Town Police officers decided that Mr. Bradway should be taken to the hospital.

29. By the time Mr. Bradway reached the hospital, however, it was too late; his physical condition had already begun to deteriorate. He continued to suffer from several more seizures before he suffered massive cardiac arrest and died.

30. Upon information and belief, defendant Town was aware prior to the incidents that the police officers involved in this incident lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendant Town has retained these officers, and failed to adequately train and supervise them.

31. As a result of Defendants' actions, the Decedent experienced personal and physical injuries, pain and suffering, fear of imminent physical injury or death, severe psychological pain, severe emotional distress, and severe mental anguish.

## CAUSES OF ACTION

### First Cause of Action: Deprivation of Constitutional Rights

32. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

33. The conduct of defendant Town, as described herein, through its agents, including the individually named police officers herein, amounted to excessive use of force, malicious abuse of process, unlawful search and seizure, assault, battery, intentional and negligent infliction of emotional distress, conspiracy, gross negligence, negligent hiring and retention of incompetent and unfit employees, and negligent supervision, training and instruction of employees.

34. The conduct of defendant Town, as described herein, through its agents, including the individually named police officers herein, violated the Decedent's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article 1, §§11 & 12 of the New York State Constitution, including the freedom from unreasonable searches and seizures, freedom from compelled self-incrimination, and right to equal protection of the law and is actionable under 42 U.S.C. §1983.

35. Defendant Town's agents, including the individually named police officers herein, acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. These acts by defendant Town's agents were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said agents of defendant Town acted willfully, knowingly, and with the specific intent to deprive the Decedent of his rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and Article 1, §§11 & 12 of the New York State Constitution.

36. As a direct and proximate result of the misconduct and abuse detailed above, the Decedent experienced personal and physical injuries, including death, pain and suffering,

fear of imminent physical injury or death, severe psychological pain, severe emotional distress, and severe mental anguish.

37. Under State law, defendant Town is responsible for its employees' actions under the doctrine of *respondeat superior*.

38. The intentional acts, abuse, and omissions committed by the defendant Town's agents, including the individually named police officers herein, were done with actual malice toward the Decedent and with willful and wanton indifference to and deliberate disregard for human life and the rights of the Decendent as a civilian and citizen of the State of New York. Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant Town's negligent hiring and retention of the involved officers. The Decedent also did not provoke defendant Town's agents in any way. As a result, Plaintiff is entitled to exemplary damages.

## Second Cause of Action: Conspiracy

39. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40. Defendant Town's agents, including the individually named police officers herein, conspired to violate the Decedent's constitutional rights by acting in concert to taser the Decedent and to refuse the Decedent necessary medical treatment, as more fully described in preceding paragraphs, which is actionable under 42 U.S.C. §1985(3).

41. As a direct and proximate result of the misconduct and abuse detailed above, the Decedent experienced personal and physical injuries, including death, pain and suffering,

fear of imminent physical injury or death, severe psychological pain, severe emotional distress, and severe mental anguish.

42. The intentional acts, abuse, and omissions committed by the defendant Town's agents, including the individually named police officers herein, while acting in concert were done with actual malice toward the Decedent and with willful and wanton indifference to and deliberate disregard for human life and the rights of the Decedent as a civilian and citizen of the State of New York. Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant Town's negligent hiring and retention of the involved officers. The Decedent also did not provoke defendant Town's agents in any way. As a result, Plaintiff is entitled to exemplary damages.

### Third Cause of Action: Assault

43. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44. Defendant Town's agents, including the individually named police officers herein, assaulted the Decedent by tasering the Decedent and thereby causing Decedent the imminent apprehension of injury or death.

45. As a direct and proximate result of Defendants' actions, the Decedent experienced fear of imminent physical injury or death, severe psychological pain, severe emotional distress, and severe mental anguish.

46. The intentional assault committed by the agents of defendant Town was done with actual malice toward the Decedent and with willful and wanton indifference to and

deliberate disregard for human life and the rights of the Decedent as a civilian and citizen of the State of New York. Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant Town's negligent hiring and retention of the involved officers. The Decedent also did not provoke defendant Town's agents in any way. As a result, Plaintiff is entitled to exemplary damages.

### Fourth Cause of Action: Battery

47. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

48. Defendant Town's agents, including the individually named police officers herein, battered the Decedent by intentionally tasering him, and as further indicated in preceding paragraphs.

49. As a direct and proximate result of Defendants' actions, the Decedent experienced personal and physical injuries, including death, pain and suffering, fear of imminent physical injury or death, severe psychological pain, severe emotional distress, and severe mental anguish.

50. The intentional battery committed by the agents of defendant Town was done with actual malice toward Decedent and with willful and wanton indifference to and deliberate disregard for human life and the rights of the Decedent as a civilian and citizen of the State of New York. Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant Town's negligent hiring and retention of the involved

officers. The Decedent also did not provoke defendant Town's agents in any way. As a result, Plaintiff is entitled to exemplary damages.

### Fifth Cause of Action: Intentional Infliction of Severe Emotional Distress

51. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52. Defendant Town's agents, including the individually named police officers herein, intentionally inflicted severe emotional distress on the Decedent by tasering him; by refusing the Decedent necessary medical treatment; and by willfully violating Decedent's constitutional rights under color of law and under color of the authority of the police department; and as otherwise described in preceding paragraphs.

53. As a direct and proximate result of the misconduct and abuse detailed above, the Decedent experienced personal and physical injuries, including death, pain and suffering, fear of imminent physical injury or death, severe psychological pain, severe emotional distress, and severe mental anguish.

54. The intentional acts, abuse, and omissions committed by the defendant Town's agents were done with actual malice toward the Decedent and with willful and wanton indifference to and deliberate disregard for human life and the rights of the Decedent as a civilian and citizen of the State of New York. Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant Town's negligent hiring and retention of the involved officers. The Decedent also did not provoke defendant Town's agents in any way. As a result, Plaintiff is entitled to exemplary damages.

### Sixth Cause of Action: Malicious Abuse of Process

55. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

56. Defendant Town's agents, including the individually named police officers herein, maliciously abused the process and authority of the police department and justice system by, without cause and being completely unauthorized to do so, tasering the Decedent, refusing the Decedent necessary medical treatment, and otherwise assaulting and battering the Decedent, and intentionally inflicting emotional distress on the Decedent; by willfully violating the Decedent's constitutional rights under color of law and under color of the authority of the police department; and as otherwise described in preceding paragraphs.

57. As a direct and proximate result of the misconduct and abuse detailed above, Decedent experienced personal and physical injuries, including death, pain and suffering, fear of imminent physical injury or death, severe psychological pain, severe emotional distress, severe mental anguish, financial loss, embarrassment, and humiliation.

58. The intentional acts, abuse, and omissions committed by the defendant Town's agents, including the individually named police officers herein, were done with actual malice toward the Decedent and with willful and wanton indifference to and deliberate disregard for human life and the rights of the Decedent as a civilian and citizen of the State of New York. Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant Town's negligent hiring and retention of the involved

officers. The Decedent also did not provoke defendant Town's agents in any way. As a result, Plaintiff is entitled to exemplary damages.

### Seventh Cause of Action: Negligence

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60. Defendant Town's agents, including the individually named police officers herein, as police officers of the Town of Southampton, owed a duty to the Decedent to perform their police duties without violating the Decedent's constitutional, statutory, or common law rights, and without abusing their authority as police officers to cause undue tangible and intangible injuries to Decedent.

61. Defendant Town's agents breached that duty by, without cause and being completely unauthorized to do so, tasering the Decedent, refusing the Decedent necessary medical treatment, and otherwise assaulting and battering the Decedent, and intentionally inflicting emotional distress on the Decedent; by willfully violating Decedent' constitutional rights under color of law and under color of the authority of the police department; and as otherwise described in preceding paragraphs.

62. As a direct and proximate result of Defendants' negligence, the Decedent experienced personal and physical injuries, including death, pain and suffering, fear of imminent physical injury or death, severe psychological pain, severe emotional distress, and severe mental anguish.

63. At all relevant times, defendant Town's agents were acting within the scope of their employment as officers of the Town of Southampton Police Department, which is organized and operated by defendant Town.

64. The intentional acts, abuse, and omissions committed by the defendant Town's agents, including the individually named police officers herein, were done with actual malice toward the Decedent and with willful and wanton indifference to and deliberate disregard for human life and the rights of the Decedent as a civilian and citizen of the State of New York. Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant Town's negligent hiring and retention of the involved officers. The Decedent also did not provoke defendant Town's agents in any way. As a result, Plaintiff is entitled to exemplary damages.

### Eighth Cause of Action: Negligence

65. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66. Defendant Town owed a duty to the Decedent to train and supervise and otherwise control its police officers in carrying out their police duty to defend and enforce the constitutional, statutory, and common law rights of the Decedent and other matters incidental to the exercise of police functions.

67. Defendant Town failed to provide adequate training, supervision, and control of defendant Town's agents. Such failure constitutes negligence.

68. As the direct and proximate result of defendant Town's negligence, the Decedent experienced personal and physical injuries, including death, pain and suffering, fear of imminent physical injury or death, severe psychological pain, severe emotional distress, and severe mental anguish.

69. Defendant Town's failure to provide adequate training and supervision to its police officers constitutes a willful and wanton indifference and deliberate disregard for human life and the rights and privileges of private citizens, including the Decedent, and Plaintiff is therefore entitled to exemplary damages. Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant Town's negligent hiring and retention of the involved officers. The Decedent also did not provoke defendant Town's agents in any way. As a result, Plaintiff is entitled to exemplary damages.

### Ninth Cause of Action: Wrongful Death

70. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

71. On or about June 9, 2008, members of the Southampton Town police, including the individually named police officers herein, tasered the Decedent, refused the Decedent necessary medical treatment, and otherwise assaulted and battered the Decedent.

72. As a result of those actions, the Decedent suffered personal injuries and death.

73. The injuries of the Decedent are permanent in nature.

74. Defendants owed the Decedent a duty of care, as set forth above.

75. Defendants breached their duty of care, causing the Decedent's injuries and death.

76. The incident and resulting injuries to the Decedent were caused by reason of the negligence of Defendants.

77. At the time of his death, the Decedent was 26 years old, in good health and physical condition, of good habits, able, intelligent, and capable of earning a substantial income

78. The Decedent and his mother, Plaintiff Tina Bradway, shared a close and loving relationship; the Decedent assisted his mother financially when and if needed; the Decedent performed household duties for his mother; and the Decedent was capable of earning a substantial income at his death.

79. Plaintiff has incurred expenses in connection with the death of the Decedent, and, as a parent and next of kin of the Decedent, has sustained loss and damages as a result of the death of the Decedent.

80. By reason of the foregoing, Plaintiff suffered pecuniary injury in the sum of TEN MILLION DOLLARS ($10,000,000.00)

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial and the following relief against Defendants as follows:

    a. Compensatory and punitive damages in the amount of $10,000,000 (TEN MILLION DOLLARS) for the damages to Plaintiff caused by Defendants;

    b. Costs of this action, including attorney's fees pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988; and

c. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: Uniondale, New York
October 30, 2009

RUSKIN MOSCOU FALTISCHEK, P.C.

By: _____
Mark S. Mulholland
Thomas A. Telesca
*Attorney for Plaintiff*
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
(516) 663-6600