UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Tina Bradway, Individually and as Administratrix of
the Estate of Tony Bradway,

                                  Plaintiff,                   **ANSWER TO**
                                                             **AMENDED COMPLAINT**

- against –

THE TOWN OF SOUTHAMPTON, LINDA A.         CV-09 3177
KABOT, OFFICER JAMES KIERNAN, OFFICER     (JFB)(MLO)
ERIC SICKLES, OFFICER VINCENT CAGNO,
OFFICER STEVE FRANKENBACH, OFFICER
DAVID PETERS, OFFICER WILLIAM KIERNAN
and OFFICER MONTALBANO,

                                  Defendants.
-------------------------------------------------------------------X

        Defendants, THE TOWN OF SOUTHAMPTON, LINDA A. KABOT, OFFICER JAMES KIERNAN, OFFICER ERIC SICKLES, OFFICER VINCENT CAGNO, OFFICER STEVE FRANKENBACH, OFFICER DAVID PETERS, OFFICER WILLIAM KIERNAN and OFFICER MONTALBANO, by their attorneys, DEVITT SPELLMAN BARRETT, LLP, as and for their Answer to the plaintiff=s Amended Complaint, upon information and belief, state as follows:

        FIRST:      The allegations contained in paragraphs numbered "1", "2", "3", "5" and "20" of the Amended Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the court pursuant to the enumerated statutes and, as such, the defendants make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action alleged thereunder.

        SECOND:     Regarding the allegations contained in paragraph "4" of the Amended Complaint, the answering defendants solely admit that a notice of claim was served on defendant

within 90 days of the incidents at issue, more than 30 days have elapsed since such filing, and this action was filed within one year and 90 days of the incident that is the basis of this case.

THIRD:  Deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered and designated as "6", "7", "8", "9", "10", "23", "24", "25", "26" and "27".

FOURTH:  Regarding the allegations contained in paragraph numbered "11" of the Amended Complaint, the answering defendants solely admit that the defendant Town of Southampton is a municipal corporation organized under the laws of the State of New York, and that the Town of Southampton Police Department is a duly established law enforcement agency of the Town of Southampton.

FIFTH:  Regarding the allegations contained in paragraph numbered "12" of the Amended Complaint, the answering defendants solely admit that during the relevant times mentioned herein and when the incidents complained of occurred, defendant Linda A. Kabot is or was the Supervisor of the Town of Southampton and was acting in her official capacity as such.

SIXTH:  Deny each and every allegation contained in paragraphs numbered and designated as "21", "22", "28", "30" and "31".

SEVENTH:  Regarding the allegations contained in paragraph numbered "29", the answering defendants deny having any knowledge or information sufficient to form a belief as to the progression of Mr. Bradway's medical condition once he arrived at the hospital, but admit Mr. Bradway died several hours after he arrived at the hospital.

## ANSWERING FIRST CAUSE OF ACTION

EIGHTH: Answering paragraph A32@ of the Amended Complaint, the answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made to paragraphs set forth therein with the same force and effect as if more fully set forth herein.

NINTH: Deny each and every allegation contained in paragraphs numbered and designated as "33", "34", "35", "36" and "38".

TENTH: Deny each and every allegation contained in paragraph numbered and designated as "37" and leave all questions of law to the Honorable Court.

## ANSWERING SECOND CAUSE OF ACTION

ELEVENTH: Answering paragraph A39@ of the Amended Complaint, the answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made to paragraphs set forth therein with the same force and effect as if more fully set forth herein.

TWELFTH: Deny each and every allegation contained in paragraphs numbered and designated as "40", "41" and "42".

## ANSWERING THIRD CAUSE OF ACTION

THIRTEENTH: Answering paragraph A43@ of the Amended Complaint, the answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made to paragraphs set forth therein with the same force and effect as if more fully set forth herein.

FOURTEENTH: Deny each and every allegation contained in paragraphs numbered and designated as "44", "45" and "46".

## ANSWERING FOURTH CAUSE OF ACTION

FIFTEENTH: Answering paragraph A47@ of the Amended Complaint, the answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made to paragraphs set forth therein with the same force and effect as if more fully set forth herein.

SIXTEENTH: Deny each and every allegation contained in paragraphs numbered and designated as "48", "49" and "50".

## ANSWERING FIFTH CAUSE OF ACTION

SEVENTEENTH: Answering paragraph A51@ of the Amended Complaint, the answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made to paragraphs set forth therein with the same force and effect as if more fully set forth herein.

EIGHTEENTH: Deny each and every allegation contained in paragraphs numbered and designated as "52", "53" and "54".

## ANSWERING SIXTH CAUSE OF ACTION

NINETEENTH: Answering paragraph A55@ of the Amended Complaint, the answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made to paragraphs set forth therein with the same force and effect as if more fully set forth herein.

TWENTIETH: Deny each and every allegation contained in paragraphs numbered and designated as "56", "57" and "58".

## ANSWERING SEVENTH CAUSE OF ACTION

TWENTY-FIRST: Answering paragraph A59@ of the Amended Complaint, the answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made to paragraphs set forth therein with the same force and effect as if more fully set forth herein.

TWENTY-SECOND: Deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered and designated as "60" and leave questions of law to the Honorable Court.

TWENTY-THIRD: Deny each and every allegation contained in paragraphs numbered and designated as "61", "62" and "64".

TWENTY-FOURTH: Regarding the allegations contained in paragraph numbered "63" of the Amended Complaint, the answering defendants solely admit that the police officer defendants were agents of the Town and were acting in their official capacity as police personnel.

## ANSWERING EIGHTH CAUSE OF ACTION

TWENTY-FIFTH: Answering paragraph A65@ of the Amended Complaint, the answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made to paragraphs set forth therein with the same force and effect as if more fully set forth herein.

TWENTY-SIXTH: Deny each and every allegation contained in paragraphs numbered and designated as "66", "67", "68" and "69".

## ANSWERING NINTH CAUSE OF ACTION

TWENTY-SEVENTH:   Answering paragraph A70@ of the Amended Complaint, the answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made to paragraphs set forth therein with the same force and effect as if more fully set forth herein.

TWENTY-EIGHTH: Regarding the allegations contained in paragraph numbered "71" of the Amended Complaint, the answering defendants solely admit that on or about June 9, 2008, members of the Southampton Town police utilized a Taser on Tony Bradway, and deny that they refused Bradway medical treatment and further deny that they assaulted and/or battered Bradway.

TWENTY-NINTH:   Deny each and every allegation contained in paragraphs numbered and designated as "72", "74", "75", "76", "79" and "80".

THIRTIETH: Deny each and every allegation contained in paragraph numbered and designated as"73", except admit that Bradway's death is permanent.

THIRTY-FIRST:   Deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered and designated as "77" and "78".

## FIRST AFFIRMATIVE DEFENSE

THIRTY-SECOND:   The damages sustained by decedent were caused by the decedent's own culpable conduct.

### SECOND AFFIRMATIVE DEFENSE

THIRTY-THIRD:   No policy, statement, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of the plaintiff-decedent's constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

THIRTY-FOURTH:  No custom or practice adopted, followed, endorsed or ratified by the defendants authorized a deprivation of the plaintiff-decedent's constitutional rights.

### FOURTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH:   The doctrines of respondeat superior and vicarious liability do not apply to civil rights claims.

### FIFTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:   Municipal defendants are not liable for punitive damages.

### SIXTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: This Court should not proceed in the absence of parties who are indispensable to the determination of this action, which parties plaintiff has failed to join.

### SEVENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:  Defendants' actions were justified by the facts and circumstances presented.

### EIGHTH AFFIRMATIVE DEFENSE

THIRTY-NINTH:   Defendants at all times acted reasonably in discharge of their duties. They acted solely pursuant to their duties and responsibilities as public officials. The defendants reasonably believed that they were exercising and acting within their statutory and

constitutional powers pursuant to federal and/or state law. In performing such responsibilities, defendants are and were protected by qualified immunity.

## NINTH AFFIRMATIVE DEFENSE

FORTIETH: Defendants were justified in their action(s) because they reasonably believed the physical force was necessary to safeguard the decedent from his own actions which were dangerous and reckless.

## TENTH AFFIRMATIVE DEFENSE

FORTY-FIRST: Defendants had probable cause to believe that Bradway committed an offense or crime.

## ELEVENTH AFFIRMATIVE DEFENSE

FORTY-SECOND: Defendants reasonably believed that Bradway conducted himself in a manner likely to result in serious harm to himself.

## TWELFTH AFFIRMATIVE DEFENSE

FORTY-THIRD: Defendants' use of force was reasonable under the circumstances.

## THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH: The Amended Complaint fails to state a cause of action in negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

FORTY-FIFTH: The Court lacks subject matter jurisdiction of all or part of the claims arising under State law.

## FIFTEENTH AFFIRMATIVE DEFENSE

FORTY-SIXTH: The Town of Southampton is entitled to governmental immunity under New York State Law.

### SIXTEENTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH: Decedent had knowledge of and assumed the risks incident to consumption and use of cocaine on and prior to the date of the incident. The injuries alleged in the Amended Complaint were caused by and arose out of such risks.

### SEVENTEENTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH: Whatever injuries and damages were sustained by decedent on the date of the occurrence were caused in whole or in part or were contributed to by reason of the actions, acts and/or negligence of the decedent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

FORTY-NINTH: The Amended Complaint fails to state a claim upon which relief can be granted.

### NINETEENTH AFFIRMATIVE DEFENSE

FIFTIETH: To the extent that the Amended Complaint purports to set forth any pendent state law claims, they are barred in whole or in part by the plaintiff's failure to comply with statutory conditions precedent to the commencement of the claim as set forth in the New York General Municipal Law.

### TWENTIETH AFFIRMATIVE DEFENSE

FIFTY-FIRST: Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

FIFTY-SECOND: Plaintiff fails to state a claim of conspiracy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

FIFTY-THIRD:   Plaintiff does not have a private right of action under the New York State Constitution because she has alternative remedies under 42 U.S.C. §1983 and under New York State common law assault and battery.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

FIFTY-FOURTH:   Defendants are entitled to governmental immunity with regard to plaintiff's negligent training and supervision claims.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

FIFTY-FIFTH:   Defendants' use of force, if any, was reasonable and privileged.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

FIFTY-SIXTH:   Public policy bars claims for intentional infliction of emotional distress against a governmental entity.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

FIFTY-SEVENTH:   The Amended Complaint fails to state a claim against Linda Kabot.

WHEREFORE, defendant, THE TOWN OF SOUTHAMPTON, LINDA A. KABOT, OFFICER JAMES KIERNAN, OFFICER ERIC SICKLES, OFFICER VINCENT CAGNO, OFFICER STEVE FRANKENBACH, OFFICER DAVID PETERS, OFFICER WILLIAM KIERNAN and OFFICER MONTALBANO, demand judgment dismissing the Amended

Complaint herein, together with the costs and disbursements of this action.

Dated: Smithtown, New York
       November 2, 2009

        Yours, etc.,

        DEVITT SPELLMAN BARRETT, LLP
        Attorneys for Defendants
        THE TOWN OF SOUTHAMPTON and
        LINDA A. KABOT
        50 Route 111, Suite 314
        Smithtown, New York 11787
        (631) 724-8833

        By: _____/s/_____
             Kelly E. Wright (KEW/3904)

TO:   RUSKIN MOSCOU FALTISCHEK, P.C.
       Attorneys for Plaintiff
       1425 RXR Plaza
       East Tower, 15th Floor
       Uniondale, New York 11556
       (516) 663-6600