S0542349
APR 26 2011

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
TINA BRADWAY, Individually and as
Administratrix of the Estate of
TONY BRADWAY,

                Plaintiff,

   -against-           Civil Action No.
                      09-CV-3177
                      (JFB)(MLO)

THE TOWN OF SOUTHAMPTON, LINDA A. KABOT,
OFFICER JAMES KIERNAN, OFFICER ERIC SICKLES,
OFFICER VINCENT CAGNO, OFFICER STEVE
FRANKENBACH, OFFICER DAVID PETERS,
OFFICER WILLIAM KIERNAN and OFFICER MONTALBANO,

                Defendants.
------------------------------------------X

                April 13, 2011

                10:34 a.m.

                1425 RXR Plaza

                Uniondale, New York

      DEPOSITION of CHARLES WETLI, M.D., the Expert Witness herein, testifying on behalf of the Defendants, taken by the Plaintiff, pursuant to Federal Rules of Civil Procedure, and Notice, held at the above-mentioned time and place, before Lori Anne Curtis, a Notary Public of the State of New York.

CERTIFIED TRANSCRIPT

631-277-2700    SUZANNE HAND & ASSOCIATES, INC.    www.handreporting.com

C. Wetli, M.D.

is.

A   Basically, I'm self-employed. I retired from being the chief medical examiner and director of forensic sciences for Suffolk County, New York in August of 2006, and since then I've been doing only consulting work.

Q   What kind of consulting work do you do?

A   Anything in the realm of forensic pathology. It's predominantly cases like this, wrongful death, medical practice, criminal, but basically working -- being retained by attorneys to give an opinion.

Q   And you have been doing that since roughly August, September 2006?

A   Full time. Prior to that, I did it part time as separate from my duties as a chief medical examiner, but really I started doing consulting work in 1995, but then in 2006 I was doing it full time.

Q   And I noticed in your CV up until 1995, it seems as if you were living in Florida.

A   That is correct.

Q   And while you were in Florida you

```
 1                  C. Wetli, M.D.
 2             And you are being compensated in
 3   accordance with the fee schedule that's the last
 4   page of W-1?
 5         A     Correct.
 6         Q     And what was it that -- let me
 7   take a step back.
 8             Other than Ms. DeJong, did you
 9   speak with anybody else from her firm with
10   regard to --
11         A     No, not that I recall.
12         Q     So your primary contact concerning
13   this matter has been with Ms. DeJong?
14         A     Correct.
15         Q     And what did she ask you to do?
16         A     Determine the cause of death and
17   to see if the hour-and-a-half delay from the
18   time he was arrested to the time he got to the
19   hospital had any significant impact or affected
20   the outcome of Mr. Bradway.
21         Q     What conclusion did you reach?
22         A     No, it did not.
23         Q     Other than the items that are
24   listed at the very beginning of your report, did
25   you review any other data, information or
```